1pi 99
3pi 522

GRAY AND WIFE *v.* MAYOR, ETC., OF KNOXVILLE.

(*Knoxville.*    October 5th, 1886.)

MUNICIPAL CORPORATIONS.    *Right of eminent domain.*    *Compensation.* *Constitutional law.*

Under Article I., Section 21, of Constitution of Tennessee, a person, who has occupied and improved property outside of a city, has a right to compensation, where the city has subsequently extended its limits, and in grading a street made necessary, by such extension, has knocked down his fences, and caused surface water to overflow his property and injure his cellar, walls, and shrubbery.

Case cited and approved:   Mayor, etc., *v.* Nichol, 3 Bax., 340.

FROM KNOX.

Appeal from Circuit Court of Knox County. May Term, 1886.    S. A. RODGERS, J.

Plaintiffs owned a house and lot lying near the city of Knoxville. In 1883 the corporate limits were extended so as to include this property. In 1885 the city graded the street in front of it, and in doing this work injured some of plaintiffs' fencing, and made a fill, which threw surface water back upon their property, thereby damaging their walls, cellar, and shrubbery.

This suit was instituted before a Justice of the Peace, to recover damages of the city. It was appealed to the Circuit Court of Knox County, and there, upon a jury trial, decided against plaintiffs. They appealed.

M. F. CALDWELL, and OSBORNE & MYNATT, for Plaintiffs.

Jos. W. SNEED for Defendant.

TURNEY, C. J. The Court charged the jury: "If the proof shows that plaintiff's property was heretofore outside of the corporate limits of Knoxville, and while so outside permanent and valuable improvements had been made thereon, and after said improvements were made the corporate limits of Knoxville had been extended so as to include plaintiff's property, and after being included it was necessary, for the benefit of the public, that Asylum Street should be established and graded by the corporate authorities, and they did grade and establish it in front of plaintiff's

property, in conformity with reasonable and necessary demands of the public, and with as little consequential injury to the property as attending circumstances and the public necessity would permit, then the plaintiff cannot recover."

This was error.    The Constitution ordains:

"No man's property shall be taken or applied. to public use    *    *    *    without just compensation therefor."

If it was necessary for its public use that Asylum Street should be so graded for its drainage as to throw surface water on the property of plaintiff, thereby injuring his cellars, walls, shrubbery, etc., and in the work of grading the fences were knocked or torn down, it would be a taking and application to public use, to that extent, and the corporation should respond in damages.

In *Mayor, etc.,* v. *Nichol,* 3 Bax., 340, this Court says:

"It is the duty of the Court to give a liberal construction to statutes in favor of the right of a citizen to be reimbursed for damages done to his property by city authorities, occasioned by works for the advantage of the general public. The citizen who is thus injured ought not to be required to bear the entire burden, the benefits of

which he shares perhaps very slightly in common with other inhabitants of the city; the improvements frequently being of no personal advantage to him whatever."

It is very certain that in this instance the improvement is no personal advantage to the plaintiff, but to his damage.

Reverse and remand.